**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-40180

JOHN THOMAS BAGLEY

Plaintiff-Appellant,

VERSUS

WAYNE SCOTT, ETC., ET AL

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
(6:96-CV-460)

November 19, 1997

Before REYNALDO G. GARZA, KING, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

This is an appeal from a ruling by the United States District Court for the Eastern District of Texas, Judge William M. Steger, presiding, affirming a decision by Magistrate Judge Judith K. Guthrie to dismiss with prejudice a civil rights suit filed by the Appellant, John Thomas Bagley ("Bagley"). Upon review of the pleadings, briefs, and record on file, we AFFIRM the decision of the district court in part and REVERSE AND REMAND in part.

**Background**

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

The Appellant, John Thomas Bagley, Texas Prisoner No. 652853, filed a §1983 civil rights suit against the Defendants, Texas Department of Criminal Justice ("TDCJ") Director Wayne Scott ("Scott"), TDCJ Skyview Unit Senior Warden Sharon Dishongh ("Warden Dishongh"), and TDCJ employee Dr. Laurence Taylor ("Dr. Taylor"), regarding his treatment at the Skyview Psychiatric Unit ("Skyview"). Bagley claims that the Defendants violated his rights under the Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, and Fourteenth Amendments of the United States Constitution, as well as Article I of the Texas Constitution and the Civil Rights Act of 1871. Pursuant to these allegations, Bagley filed a §1983 suit against the Defendants.

Magistrate Judge Judith K. Guthrie allowed Bagley to proceed *in forma pauperis*, and following a *Spears*[1] hearing, recommended that the District Court dismiss the complaint pursuant to 28 U.S.C. §1915A(b)(1). Bagley objected to this, but the District Court, after a *de novo* review, overruled Bagley's objections, and dismissed the complaint with prejudice.

Bagley states that he was confined at Skyview for a mental health evaluation from October 27, 1995, to November 3, 1995. Bagley has been diagnosed as a paranoid schizophrenic, with

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985)(establishing courtroom hearing as substitute for motion for more definite statement in pro se cases), overruled on other grounds, *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

delusions of persecution.  In his brief, Bagley says that he was confined because he walked "to the left of a [yellow line] painted upon the floor of the Estelle Unit, without attempting to harm myself or others..."  Despite the vagueness of this statement and the Defendants' unexplained failure to file a brief in this appeal, we were able to glean from the evidence in the record that Bagley was transported to Skyview because he manifested delusional behavior.

Bagley claims that everything in his cell at Skyview, including the spigot from which he was supposed to get drinking water, was covered in dried human excrement, which was not his. Bagley states that he complained of this, and two days later, an inmate came to clean the cell, but merely smeared the excrement around with a mop.  Bagley alleges that these conditions caused him to develop rashes and small tumors on face, hands, and feet, and these conditions constituted abuse and a violation of his civil rights.  Regarding this issue, the Defendants offered the affidavit of Warden Dishongh regarding the standard operating procedure for daily cleaning of inmate cells and the extensive sanitization of cells in preparation for new inmates.  The information in this affidavit, though not specific to Bagley's case, would tend to show that if normal cleaning procedures were followed (and there is no independent evidence to show they were not), Bagley's cell would have been clean when he entered it and cleaned regularly thereafter.  Also, Nurse Molly Johnson ("Nurse Johnson") testified

3

at the *Spears* hearing that Bagley's medical records showed he suffered from athlete's foot and had a ganglion cyst removed from his thumb, and that this cyst was unrelated to any unsanitary conditions in Bagley's cell.

Bagley also alleges that he was forcibly medicated with psychotropic drugs. Bagley signed papers stating that he did not want to take psychotropic drugs (it should be noted that the files on this are somewhat illegible, but we will assume that his refusal included injections of psychotropic drugs). Bagley states that he did not resist the "use of force team" because he feared he would be beaten if he refused to take the drugs. Bagley claims that he has had various adverse reactions to the psychotropic drugs, including heart palpitations, pain and ringing in his ears, vertigo, foul breath, and other maladies. During the *Spears* hearing, Nurse Johnson was asked what the procedure was for forcibly medicating a patient with psychotropic drugs. She stated that two doctors had to agree in writing that a patient needed to be forcibly medicated. She further stated that Bagley's medical records show that Bagley "refused his oral medication and that the doctors had ordered injectable by force if he refused the oral, he did refuse the oral but he took the injections without any problem at all." When the magistrate asked further about the procedures used, Nurse Johnson replied that she did not have all of Bagley's

4

records from Skyview.

As stated, Bagley claims he did not want to be treated with the psychotropic drugs and that he did not resist the injections only because he feared for his safety. He states this in his brief and testified to this in the *Spears* hearing. The other TDCJ employees who testified at the hearing made it clear that they did not have personal knowledge of the forcible medication procedures at the facility.

Magistrate Judge Guthrie dismissed the claims against Scott because Bagley did not allege any facts which would support a theory of vicarious liability implicating Scott in the alleged constitutional violations. Similarly, the claims against Warden Dishongh were dismissed because Bagley alleged no unconstitutional act or omission on Warden Dishongh's part and she could not be liable under §1983 based on theories of *respondeat superior*.

Magistrate Judge Guthrie determined that the forcible medication claims should be dismissed on the ground that while Bagley refused to take the drugs orally, he subsequently agreed to the injections and did not inform medical personnel that he refused to do so. Bagley's claim against Dr. Taylor[2] was therefore dismissed. As a result of the above dismissals, the magistrate

---

[2]Dr. Taylor was referred to, mysteriously, as "Dr. Stanley" in the magistrate's recommendation.

5

held that Bagley's claims lacked a basis in law and recommended that the district court dismiss his claims as frivolous pursuant to 28 U.S.C. §1915A(b)(1). The district court adopted the recommendation and dismissed the suit with prejudice.

## Standard of Review

The Prison Litigation Reform Act amended 28 U.S.C. §1915 to require the district court to dismiss *in forma pauperis* prisoner civil rights cases if the court determines that the action is frivolous, malicious, or does not state a claim upon which relief may be granted. 28 U.S.C. §1915(e)(2)(B); *see also* 28 U.S.C. §1915A(b)(1). A complaint filed *in forma pauperis* may be dismissed if it lacks an arguable basis in fact or law. 28 U.S.C. §1915(e)(2)(B); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Neitzke v. Williams*, 490 U.S. at 327. An action is frivolous if it lacks an arguable basis in fact or in law. *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993). This court reviews a §1915 dismissal for abuse of discretion. *Id*.

## Discussion and Analysis

Bagley testified that he filed suit against Wayne Scott, the Director of the Texas Department of Criminal Justice, Institutional Division, because, according to Bagley, Scott's

6

position as Director makes him responsible for what occurs in the prison system.  In order to successfully plead a cause of action under §1983, a plaintiff must enunciate a set of facts which illustrate a defendant's participation in the wrong alleged. *Jacquez v. Procunier*, 801 F.2d 789 (5th Cir. 1986). Bagley has not even alleged that Scott personally took part in the events in question.  The only other way he could be implicated is if Scott was vicariously liable due to his supervisory capacity, under a theory of *respondeat superior*.  *Respondeat superior* does not apply in §1983 actions.  *Williams v. Luna*, 909 F.2d 121, 123 (5th Cir. 1990); *Bush v. Viterna*, 795 F.2d 1203, 1206 (5th Cir. 1986). Therefore, Bagley's argument lacks a legal basis, and dismissal by the district court was appropriate and within its discretion. *Eason*, 14 F.3d at 9; *Graves*, 1 F.3d at 17.

Similarly, Bagley files suit against Warden Dishongh because she is warden of the Skyview Unit and is, in his view, responsible for anything that happens there.  While it is true that horrible prison conditions that deny a prisoner "the minimal civilized measure of life's necessities" can constitute an Eighth Amendment violation, a prisoner must allege that the prison officials acted with a culpable state of mind, which includes deliberate indifference.  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  However, even if we assume that the conditions in the cell are as Bagley said they were (a fact which was never

7

proven), and that these alleged conditions constituted an Eighth Amendment violation (a matter which we do not pass on at this time), Bagley failed to allege facts linking Warden Dishongh to the conditions in the cell. He is essentially arguing the same *respondeat superior* theory which is unavailable to him in his suit against Scott, and as such, the district court properly dismissed his claim against Warden Dishongh. We, therefore, affirm Judge Guthrie's decision to dismiss the claims against Warden Dishongh.

Bagley also claims that he was involuntarily treated with psychotropic drugs during his incarceration, and that such treatment violated his Constitutional rights. He filed suit against Dr. Taylor based on this theory. The Supreme Court has stated that, under the Due Process Clause, prison inmates have a significant liberty interest in avoiding the unwanted administration of psychotropic drugs. *Washington v. Harper*, 494 U.S. 210, 221 (1990). However, a prisoner may be treated with such drugs against his will if he "is dangerous to himself or others and the treatment is in the inmate's medical interest." *Id*. at 227. In *Harper*, the Court found that principles of due process were satisfied if the following occurred before an inmate was made to take psychotropic drugs involuntarily: a psychiatrist analyzed him and recommended drug treatment, a hearing was held before an independent group of doctors and administrators, and

8

the inmate received prior notice of the hearing. *Id*. at 215-216. Further, the inmate should be given an explanation of the need for medication, an opportunity to present evidence and witnesses, an opportunity to cross-examine adverse witnesses, and the assistance of an independent lay advisor who understands the issues involved. *Id*. at 216.

Bagley claims his rights were violated because he was not given the type of notice and hearing required under *Harper*. However, the *Harper* requirements are not triggered when the drug treatment is voluntary. Magistrate Judge Guthrie cited an unpublished case of this Circuit, *Pugh v. Collins*, No. 96-40306 (5th Cir. November 21, 1996)(unpublished) as the basis for her dismissal of the claims against Dr. Taylor. In *Pugh*, this Circuit held that the Due Process protections of *Washington v. Harper* are not implicated if there is no refusal or objection, duly communicated to prison officials, regarding the ingestion or injection of psychotropic drugs. The facts in *Pugh* are similar: an inmate in Skyview executed a written refusal to take psychotropic drugs orally, did not refuse to take such drugs via injection, and sued after the fact. In *Pugh*, the magistrate held that these facts did not constitute a Due Process violation under *Harper*, and we affirmed.

However, *Pugh* is not completely on point because Bagley did execute a written refusal for the injections, and more

importantly, the notes of the staffers are not completely clear as to whether they knew of Bagley's refusal to take the psychotropic drugs. Indeed, it is possible that they did know of the refusal, and that he communicated such a refusal on the spot. If so, the hurdle of voluntary consent was not overcome, and the staffers would have been precluded under *Harper* from giving Bagley the medication. As stated, the notes are unclear on this point, and further investigation is necessary.

Bagley is a paranoid schizophrenic in need of psychiatric assistance. Such assistance sometimes requires drug therapy. We realize this, and we do not wish to add any procedural hurdles over and above those set by the Supreme Court in *Harper,* nor do we retreat from our decision in *Pugh*. The problem is, the evidence in the record is not clear as to whether the "use of force team" was aware of Bagley's refusal to take the psychotropic medication. The notes of the staffers on this issue may in fact point to such an awareness of Bagley's refusal, thereby opening the door to suit. We do not pass on the substance of the evidence or on whether or not Bagley did or did not refuse treatment in such a way as to trigger the *Harper* requirements, nor do we pass on whether the actions of the Defendants passed Constitutional muster in this matter. We simply believe the evidence before us is not clear enough to affirm Judge Guthrie's decision to dismiss Bagley's claims on

10

this issue with prejudice.  Had the state or Dr. Taylor deigned to send a brief, these matters could conceivably have been clarified, but alas, this did not occur, so we do not have the benefit of an explanation on this matter.  Therefore, Bagley's involuntary medication claim against Dr. Taylor under §1983 should not have been so summarily dismissed, and we reverse and remand for further investigation and proceedings on this issue.

### Conclusion

Given the foregoing, we believe that the district court did not abuse its discretion in regard its dismissal of the claims against Scott and Warden Dishongh, and we AFFIRM the decision of the district court on those issues.  We do not believe that the facts surrounding the involuntary medication claim are so clear, however, and we REVERSE AND REMAND for further proceedings on that issue.

AFFIRMED IN PART, REVERSED IN PART.

11